United States v. Feliciano-Galves

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th of May, two thousand thirteen.

PRESENT:

DENNIS JACOBS,
      **Chief Judge**,

ROBERT D. SACK,
      **Circuit Judge**,

JED S. RAKOFF,[*]
      **District Judge**.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
      **Appellee**,

    **-v.-**                        11-204

TONY FELICIANO-GALVES, A/K/A PELOTERO,
      **Defendant-Appellant**,

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**LUIS APONTE, A/K/A MIGUEL,**
         **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Sanford Talkin, Talkin,
                                      Muccigrosso & Roberts, LLP, New
                                      York, New York.

**FOR APPELLEES:**                    Preet Bharara, United States
                                      Attorney for the Southern
                                      District of New York, New York,
                                      New York (Edward B. Diskant,
                                      Katherine Polk Failla, Assistant
                                      United States Attorneys for the
                                      Southern District of New York,
                                      New York, New York, <u>on the
                                      brief</u>).

     Appeal from a judgment of the United States District
Court for the Southern District of New York (Stein, <u>J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of the district court be
**AFFIRMED.**

     Tony Feliciano-Galves appeals from a judgment of
conviction entered on January 18, 2011, in the United States
District Court for the Southern District of New York (Stein,
<u>J.</u>) following a jury trial.  The jury convicted on both
counts of the Superseding Indictment: (1) conspiring to
distribute and to possess with the intent to distribute 50
grams or more of crack cocaine, in violation of 21 U.S.C. §
846, and (2) distributing and possessing with intent to
distribute 50 grams or more of crack cocaine, in violation
of 21 U.S.C. § 812, 841(a)(1), and 841(b)(1)(A).  We assume
the parties' familiarity with the underlying facts, the
procedural history, and the issues presented for review.

     The jury found, specifically, that the conspiracy count
(Count I) involved more than 280 grams of crack cocaine, and
that the distribution count (Count II) involved 50 grams or
more, but less than 280 grams.  On January 11, 2011,
Appellant was sentenced to concurrent terms of ten years'
imprisonment, to be followed by five years of supervised
release.  On appeal, Appellant seeks resentencing in
accordance with the Fair Sentencing Act of 2010 ("FSA"),
Public Law No. 111-220, 124 Stat. 2372 (2010), in light of

*Dorsey v. United States*, 132 S. Ct. 2321 (2012). *Dorsey* held that the FSA applies to defendants (like Appellant) whose crimes preceded the effective date of the Act (August 3, 2010), but who were not sentenced until after the Act took effect. *Id.* at 2335. Here, however, the failure to sentence pursuant to the FSA is harmless error because the conviction for conspiracy to distribute more than 280 grams of crack cocaine triggers a ten-year mandatory minimum sentence under the FSA. *See* FSA § 2(a) (codified at 21 U.S.C. § 841(b)(1)(A)(iii)).

Appellant seeks to avoid this outcome by arguing that there was insufficient evidence to convict him of the conspiracy charge. This argument is unavailing.

In reviewing a jury's verdict, this Court "consider[s] the evidence in its totality, not in isolation," *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000), and views that evidence in the light most favorable to the government, *see United States v. Temple*, 447 F.3d 130, 136–37 (2d Cir. 2006). A defendant challenging the sufficiency of the evidence bears a "very heavy burden." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002). The jury's verdict must be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

At trial, FBI Special Agent Scott Byers testified extensively about Appellant's post-arrest admissions and his later statements at the July 2009 proffer session, evidencing his (ultimately unsuccessful) efforts to sell an additional 300 grams of crack cocaine. A 143-48. According to Agent Byers, on both occasions, Appellant described (1) conversations with a confidential informant named Tony about a 300-gram sale, (2) a meeting with Tony and a suspected drug trafficker named Miguel in order to arrange a 300-gram sale, and (3) a conversation with Victor (his supplier), who lacked current inventory to fulfill the order. Call logs indicated that Appellant and Tony were in frequent contact in the period leading up to the unconsummated 300-gram sale. In addition, Appellant's wiretapped statements during the April 21 sale--in particular, Appellant's remark that he could "move anything . . . something heavy," A 103, and his suggestion that he could procure more "raw and good" cocaine, "however you want it," *id.*--evinced an intent to engage in subsequent transactions. Finally, Appellant

3

admitted at trial that he discussed the 300-gram sale with Tony: Tony "wanted me to try to get him 300 [grams] or more" of crack cocaine. A 393.

There was therefore ample evidence to support the verdict that Appellant conspired to distribute more than 280 grams of cocaine. Appellant, therefore, has not satisfied his "very heavy burden" of demonstrating the insufficiency of the evidence. Desena, 287 F.3d at 177.

Finally, there is no question that the relevant quantity (280 grams or more) was treated as an element of the offense and proved beyond a reasonable doubt. As a result, Apprendi v. New Jersey, 530 U.S. 466 (2000) is only implicated insofar as the indictment did not contain the precise quantity that the jury later found, instead charging Appellant broadly with conspiracy to distribute fifty grams *or more* of crack cocaine. But "an Apprendi violation concerning an omission from an indictment is not noticeable as plain error where the evidence is overwhelming that the grand jury would have found the fact at issue." United States v. Confredo, 528 F.3d 143, 156 (2d Cir. 2008). As outlined above, it is clear that the grand jury, reviewing the evidence under the far more lenient probable cause standard, would have reached the same conclusion as the petit jury with regard to drug quantity. Cf. United States v. Cotton, 535 U.S. 625, 633 (2002).

For the foregoing reasons, and finding no merit in Appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4